REINHARDT, Circuit Judge,
concurring:
I concur in the per curiam opinion. It is most unfortunate, however, that we are compelled to affirm the Board of Immigration Appeals in this case. Under current Supreme Court law, we have no choice but to agree that the government has the legal authority to deport a young college student, who was brought to this country as a child by her parents and raised here in the same manner as all other law-abiding young people. To all appearances, she was an ordinary American child seeking a good education. When, in order to continue her education at the University of California, she wrote to the BIA and asked what had happened to the appeal that the government had taken from the Immigration Judge’s ruling in her parents’ favor six years earlier, the BIA ordered her and her family deported. She was twenty years old at the time. Her brother, who was two years old when he entered this country, was then twelve. He had also grown up in this country as a law-abiding youth, with law-abiding parents who fought on our side during the Vietnam War. The only mistake made by anyone in the family was committed by the parents who had fled Vietnam after we lost the war, had gone to Italy, which they then fled after being harassed and shot at by people they suspected of being Communists, and finally had come to the United States with their young children. Their mistake was in overstaying their visas in the belief that they had finally found peace and freedom for their family.
The prospect of deporting Martina Truong, a college student who was described by the Immigration Judge as “totally Americanized” and “a highly sensitive child of superior intelligence,” and who according to the judge would be “extremely traumati[zed]” by the government’s proposed action must be highly offensive to those who adhere to America’s fundamental values. So must the prospect of deporting her brother who was a baby when the Truongs arrived here and who, at twelve, knew life in no other country. Martina and her brother are not the only young people who face such harsh treatment at the hands of our immigration authorities. A number of college students and others with spotless records who grew up in this country will, if treated justly, remain here and make significant contributions to what they consider to be their homeland. If they are deported, we will be the losers.
The per curiam opinion clearly explains why the equities in this case overwhelmingly favor the Truongs. I write separately to emphasize that although we as judges do not have the authority to grant the Truongs’ petition for review, immigration officials retain considerable discretion to achieve a just result for the Truong family and others in their situation.
It is neither possible nor desirable to deport every person in this country who is undocumented, and it is difficult to understand the government’s decision to appeal the initial Immigration Judge’s grant of asylum in order to vindicate a position that, while technically justified, leads to a wholly unfair and undesirable result. The first Immigration Judge to hear the case unhesitatingly granted relief to the entire Truong family. The second — the first had *943 moved to another state — said, “This Court is extremely sympathetic to the Truongs and this Court would do anything in its power to grant their asylum case.”
The Truongs have been granted withholding of deportation from Vietnam. Although that form of relief does not prevent the government from deporting them to a country other than Vietnam, it also does not require that the government do so, especially when, as the government acknowledged at oral argument, it has no idea where to send them and, if it finally figures it out, it will have to be a country in which none of the Truongs has ever previously resided and in which, almost certainly, none knows how to speak the language (unless once again Palau comes to the rescue). Any Department charged with the responsibility of enforcing or administering the law must understand the importance of establishing priorities, and any such decision must be implemented not just at the top, but throughout the Department. There are many undocumented individuals, especially those who have committed serious crimes, who are far more deserving of deportation by the immigration authorities than are the young members of the Truong family, or even their parents. I would hope, and I’m sure that my colleagues would join me, that immigration officials will take into account the priorities essential to the orderly implementation of the law and the equitable considerations that fairness demands when determining how to proceed in the wake of the decision we are compelled to issue today.